UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MEGAN TEMPLE, ET AL                         CIVIL ACTION NO. 14-3201

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

BAYER HEALTHCARE                            MAGISTRATE JUDGE HORNSBY
PHARMACEUTICALS, INC.

**MEMORANDUM ORDER**

Megan and Brandon Temple ("Plaintiffs") filed this products liability action against Bayer Healthcare Pharmaceuticals, Inc. ("Bayer") and alleged that Bayer's Mirena product was defective and caused damage. Bayer filed a motion to dismiss, and Plaintiffs responded with an amended complaint. Bayer filed a second Motion to Dismiss (Doc. 22) that is now before the court. Plaintiffs responded again with a Motion to Amend Complaint (Doc. 29). The **Motion to Amend Complaint (Record Document 29) is GRANTED**.

The complaint, as amended, must set forth facts that, taken as true, state a claim that is plausible on its face. The complaint does not need detailed factual allegations, but it must provide the Plaintiffs' grounds for entitlement to relief and go beyond the speculative level. See Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007).

The Court has reviewed Plaintiffs' seconded amended complaint and considered the arguments raised by Bayer. The Court finds that Plaintiffs have asserted sufficient facts to survive Rule 12(b)(6) review and allow their claims under the Louisiana Products Liability Act ("LPLA") to move forward and be tested by more substantive means. Bayer reads in Plaintiffs' complaint potential claims outside the scope of the LPLA and asks that they be dismissed, but Plaintiffs do not argue in their memorandum that such claims are presented.

To the extent Plaintiffs attempt to assert any claims other than through the exclusive remedy of the LPLA, such claims are **DISMISSED**.  Accordingly, the **Motion to Dismiss (Record Document 22)** is **GRANTED IN PART** by dismissing any claims other than claims brought under the LPLA.  The motion is otherwise **DENIED**.

A scheduling conference will be set promptly after Bayer files its answer.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 8th day of March, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE